IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                     )
ALICE PEAK                           )
1397 Congress St. SE, Apt. 4         )
Washington, DC  20032,               )
                        Plaintiff,   )
                                     )
v.                                   )
                                     )
DISTRICT OF COLUMBIA                 )
One Judiciary Square                 )
441 Fourth Street, NW                )
Washington, DC  20001,               )
                        Defendant.   )
_____)
```

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Alice Peak, on behalf of her minor ward T.P. and through undersigned counsel, for her complaint herein alleges as follows:

### INTRODUCTION

1. This is a claim for injunctive relief brought under the federal Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1461, as that law existed prior to July 1, 2005. The Plaintiff seeks an injunction ordering the District of Columbia Public Schools to fund T.P.'s placement at Rock Creek Academy, to fund independent evaluations of T.P., to revise T.P.'s Individualized Education Program and to provide T.P. with compensatory education for their failure properly to educate her.

### JURISDICTION AND VENUE

2.  This Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and (2).

3.  The Plaintiff has participated in an impartial administrative hearing conducted by the DCPS Office of Management Services. The Hearing Officer specifically dismissed that case.

## PARTIES

4.  Alice Peak is the adult grandmother and guardian of T.P., a twelve-year-old girl born on March 19, 1993. Ms. Peak and T.P. reside together in Washington, DC.

5.  The District of Columbia is a municipality that receives federal financial assistance in exchange for providing special education and related services to children with disabilities.

## FACTS

6.  The District of Columbia Public Schools ("DCPS") is an agency of the District of Columbia.

7.  DCPS has consistently found T.P. eligible for special education for several years.

8.  On or about January 16, 2003, DCPS produced a document purported to be a psychoeducational evaluation of T.P..

9.  In late 2002 or early 2003, DCPS produced a document purported to be a speech/language evaluation of T.P..

10. The documents referred to in Paragraphs 7 and 8 are not complete and adequate evaluations.

11. On June 22, 2005, Carolyn Houck, an attorney operating on the Plaintiff's behalf, sent a letter to DCPS informing them that the Plaintiff considered the documents referred to in

Paragraphs 7 and 8 above to be "inadequate and incomplete" and requesting that DCPS fund independent evaluations pursuant to 34 C.F.R. 300.502.

12. DCPS has not agreed to fund any evaluations in response to Ms. Houck's letter of June 22, 2005.

13. DCPS has not initiated any hearing in response to Ms. Houck's letter of June 22, 2005.

14. T.P. is in need of a Vineland evaluation, an occupational therapy evaluation and a functional behavioral assessment.

15. DCPS has not performed a Vineland evaluation, an occupational therapy evaluation or a functional behavioral assessment on T.P..

16. DCPS developed an Individualized Education Program ("IEP") for T.P. on January 25, 2005.

17. The IEP developed on January 25, 2005 is not appropriate for T.P..

18. DCPS has never developed an appropriate IEP for T.P..

19. DCPS has never placed T.P. in an appropriate school setting.

## COUNT I: FAILURE TO PROVIDE FREE APPROPRIATE PUBLIC EDUCATION

20. The allegations of Paragraphs 1-19 above are incorporated herein as if repeated verbatim.

21. The Individuals with Disabilities Education Act ("IDEA") requires the Defendant to provide all children with disabilities in their jurisdiction free appropriate public education ("FAPE").

22. The Defendant has violated and continues to violate the IDEA by denying T.P. FAPE by failing to provide her with an appropriate IEP and an appropriate educational placement.

23. As a result of this violation, T.P. has experienced and continues to experience harm to her educational development.

**COUNT II: FAILURE TO EVALUATE IN ALL AREAS OF SUSPECTED DISABILITY**

24. The allegations of Paragraphs 1-23 above are incorporated herein as if repeated verbatim.

25. 20 U.S.C. § 1414(b)(3)(B) requires the Defendant to evaluate each child with a disability in all areas of suspected disability.

26. The Defendants have violated and continue to violate 20 U.S.C. § 1414(b)(3)(B) by failing to conduct a Vineland evaluation, an occupational therapy evaluation and a functional behavioral assessment .

27. As a result of this violation, T.P. has experienced and continues to experience harm to her educational development.

**COUNT III: FAILURE TO EVALUATE IN ALL AREAS OF SUSPECTED DISABILITY**

28. The allegations of Paragraphs 1-27 above are incorporated herein as if repeated verbatim.

29. 20 U.S.C. § 1414(b)(3)(B) requires the Defendant to evaluate each child with a disability in all areas of suspected disability.

30. The Defendants have violated and continue to violate 20 U.S.C. § 1414(b)(3)(B) by failing to conduct full and adequate psychoeducational and speech/language evaluations.

31. As a result of this violation, T.P. has experienced and continues to experience harm to her educational development.

**COUNT IV: FAILURE TO FUND INDEPENDENT EVALUATIONS**

32. The allegations of Paragraphs 1-31 above are incorporated herein as if repeated verbatim.

33. 34 C.F.R. 300.502 requires that, upon a request for funding of independent evaluations, the Defendant must, without unnecessary delay, either initiate a hearing or ensure that the independent evaluations are funded.

34. The Defendants have violated and continue to violate 34 C.F.R. 300.502 by failing to respond in any way to Ms. Houck's letter of June 22, 2005.

35. As a result of this violation, T.P. has experienced and continues to experience harm to her educational development.

WHEREFORE, the Plaintiff respectfully requests that this Court:

1) issue an injunction ordering DCPS to fund T.P.'s attendance at Rock Creek Academy, to fund independent psychoeducational, speech/language, occupational therapy Vineland evaluations of T.P., to fund an independent functional behavioral assessment of T.P., to develop an appropriate IEP for T.P. and to provide T.P. with compensatory education for their failure properly to educate her.

2) award the Plaintiff attorneys' fees and costs of this action;

3) award any other relief the Court deems just.

Respectfully submitted,

_____
Douglas Tyrka, #467500
2807 27th St., NW
Washington, DC  20008
(202) 332-0038

5